UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN ALBERTO OSUNA GOMEZ,<br><br>　　　　　Petitioner,<br>　v.<br><br>ICE FIELD OFFICE DIRECTOR AND FACILITY ADMINISTRATOR,<br><br>　　　　　Respondent. | Case No. 2:25-cv-02242-TL-TLF<br><br>ORDER FOR RETURN AND STATUS REPORT, § 2241 PETITION |

　　　　Petitioner, who is proceeding *pro se*, has filed a 28 U.S.C. § 2241 immigration habeas petition. Having reviewed the petition, the Court ORDERS:

　　　　(1)　　Proper Respondent

　　　　Petitioner has only named the Immigration and Customs Enforcement ("ICE") Field Office Director and "Facility Administrator" as the respondent for this action. The proper respondent for § 2241 petitions is "the person who has custody over [the petitioner]," not simply the agency employing that individual. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigration detainee's direct custodian was not named as respondent). Petitioner represents that he is currently detained at the Northwest ICE Processing Center, so the proper respondent for this action is the individual in charge of that facility.

Accordingly, the Clerk of Court is directed to **ADD** the Facility Administrator of the Northwest ICE Processing Center as a respondent in this action.

(2) If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon the named Respondent(s).

(3) **Within 30 days of the date this Order is posted**, Respondent(s) shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, Respondent(s) shall submit a memorandum of authorities in support of their position, and should state whether an evidentiary hearing is necessary. Respondent(s) shall file the return with the Clerk of the Court and shall serve a copy upon Petitioner.

(4) The return will be treated in accordance with LCR 7(d)(4). Accordingly, on the face of the return, Respondent(s) shall note it for consideration no earlier than 28 days after it is filed, and the Clerk shall note the return accordingly. Petitioner may file and serve a response no later than 21 days after the return is filed, and Respondent(s) may file and serve a reply no later than 28 days after the return is filed.

(5) If Petitioner's custody status changes at any point during this litigation, **Respondent(s) shall file a status update with the Court as soon as possible and no later than 14 days after the change.**

//

//

(6)     The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and the Honorable Tana Lin.

Dated this 13th day of November, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER FOR RETURN AND STATUS REPORT, § 2241
PETITION - 3